IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SITAWA NANTAMBU JAMAA,<br><br>        Plaintiff,<br><br>  vs.<br><br>PELICAN BAY STATE PRISON,<br><br>        Defendant. | No. C 07-04203 JW (PR)<br><br>ORDER DIRECTING PLAINTIFF TO FILE FORM COMPLAINT; GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*; DENYING MOTION FOR EXHIBIT ADDENDUM<br><br>(Docket Nos. 5 & 6) |

       Plaintiff, a state prisoner proceeding pro se, filed a letter in this Court addressed to the Honorable Judge Thelton E. Henderson (Docket No. 1) on August 16, 2007. In this single page letter, plaintiff makes general allegations that Pelican Bay State Prison was denying equal protection and due process to him and similarly situated prisoners. Plaintiff also states that he needs to "raise these issues/complaints against this prison and their continuing wrong which are expressed in the enclosed material." Plaintiff attached several items to the letter, including an order issued by this Court in another action filed by plaintiff under case number C 01-20091 JW (PR), which remains pending. Plaintiff did not attach a form complaint to the letter.

       The information provided in plaintiff's letter is not sufficient to determine

Order Directing P to file Form Complaint; Granting IFP; Denying Motion
P:\PRO-SE\SJ.JW\CR.07\Jamaa04203_inst-to-P.wpd

whether plaintiff has meritorious claims, even liberally construed, under 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. See Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Plaintiff must identify *individual* state actors as defendants and set forth specific facts as to each defendant's conduct that proximately caused a violation of his federally protected rights. See Leer, 844 F.2d at 634. Plaintiff has not done so, having named Pelican Bay State Prison as the sole defendant.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff is given **thirty (30) days** from the date of this order to file a

1  complaint using the court's form complaint to attempt to allege cognizable claims
2  pursuant to § 1983 in accordance with this order.  The clerk shall enclose two copies
3  of the court's form complaint with the copy of this order to plaintiff.

4      2.    Plaintiff's request to proceed in forma pauperis (Docket No. 5) is
5  GRANTED.  The total filing fee that will ultimately be due is $350.00.  An initial
6  partial filing fee of $1.67 is due.  Funds for the filing fee will be taken from income
7  to plaintiff's account in accordance with 28 U.S.C. § 1915(b)(1).  A copy of this
8  order and the attached instructions will be sent to plaintiff, the prison trust account
9  office, and the Court's financial office.

10      3.    Plaintiff's motion for "exhibit addendum" (Docket No. 6) to include
11  the attachments thereto to his civil action is DENIED in light of the fact that no
12  formal complaint has been filed.

13  **Failure to comply with this order in the time provided will result in the**
14  **dismissal of this action without prejudice.**

15  This order terminates Docket Nos. 5 and 6.

17  DATED:  June 30, 2008

18  JAMES WARE
United States District Judge

Order Directing P to file Form Complaint; Granting IFP; Denying Motion
P:\PRO-SE\SJ.JW\CR.07\Jamaa04203_inst-to-P.wpd          3

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action <u>in forma pauperis</u> in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting <u>in forma pauperis</u> and these instructions.

**The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order.** Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff
       Finance Office

Order Directing P to file Form Complaint; Granting IFP; Denying Motion
P:\PRO-SE\SJ.JW\CR.07\Jamaa04203_inst-to-P.wpd        4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SITAWA NANTAMBU JAMAA,<br><br>      Plaintiff,<br><br>   v.<br><br>PELICAN BAY STATE PRISON,<br><br>      Defendant.        / | Case Number: CV07-04203 JW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on    7/9/2008    , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sitawa Nantambu Jamaa C-35671
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95532

Dated:    7/9/2008

             Richard W. Wieking, Clerk
     /s/ By: Elizabeth Garcia, Deputy Clerk