IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. LITTLE,<br>          Petitioner,<br>  vs.<br>MIKE EVANS, Warden,<br>          Respondent. | No. C 07-04926 JW (PR)<br><br>ORDER OF DISMISSAL |

Petitioner, a state prisoner incarcerated at Salinas Valley State Prison in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Santa Clara of second degree robbery, assault with the use of a firearm, false imprisonment and enhancements for personal use of a firearm and gang affiliation, among others. Petitioner was sentenced on February 14, 1997, to twenty-five years and eight months in state prison.

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.07\Little02573_dismissal.wpd

Petitioner alleges that he presented his claims in a state habeas petition to the California Court of Appeal which denied the petition on October 28, 2005. The California Supreme Court denied the petition on March 28, 2007.

Petitioner filed the instant petition on May 15, 2007.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Legal Claims

Petitioner is appealing his sentence after the United States Supreme Court's 2004 decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), which combined decisions limited the trial court's ability to increase the penalty for a crime beyond the prescribed statutory maximum based on additional facts unless those facts are submitted to a jury to be proven beyond a reasonable doubt.

Petitioner alleges that his constitutional rights were violated because the facts which lead the trial judge to impose the upper term were not presented to the jury in accordance with Apprendi and Blakely. Petitioner argues for retroactivity of these decisions to grant him relief. Petitioner's argument must fail in light of Ninth Circuit decisions to the contrary: Apprendi announced a new constitutional rule of criminal procedure that does not apply retroactively on initial collateral review, United States v. Sanchez-Cervantes, 282 F.3d 664, 665 (9th Cir. 2002), and Blakely

announced a new constitutional rule of criminal procedure that does not apply retroactively on habeas review, <u>Schardt v. Payne</u>, 414 F.3d 1025, 1038 (9th Cir. 2005).  Accordingly, the petition must be dismissed.

## CONCLUSION

For the reasons stated above, the petition is DISMISSED for failure to state a cognizable claim.  <u>See</u> 28 U.S.C. § 2254(a).

DATED:  June 30, 2008

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM A LITTLE,

        Petitioner,

  v.

MIKE EVANS, Warden,

        Respondent.

Case Number: CV07-02573 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/9/2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William A. Little E-86654
Salinas Valley State Prison
P. O. Box 1060
Soledad, Ca 93960-1060

Dated: 7/9/2008

        Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk